IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                               No. CR 98-556 MV

AMOS MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Government's Motion to Reconsider Conditions of Release **[Doc. 61]** and Defendant's Motion for Judgment of Acquittal **[Doc. 62]**. The Court, having considered the moving papers, the relevant law, and being otherwise fully informed, finds that the Government's Motion is well taken and will be **GRANTED IN PART**, and that the Defendant's Motion is not well taken and will be **DENIED,** as explained below.

### BACKGROUND

Following a three day jury trial, Defendant was convicted of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c) and 2246(2)(D), by means of touching the genitalia of Jane Doe. Defendant was acquitted of a second count of aggravated sexual abuse of a child by means of penetration of Jane Doe's vagina. After entry of the guilty verdict, the Government moved to remand Defendant pursuant to 18 U.S.C. § 3143. The Court denied the motion on the grounds that Defendant had not been convicted of a crime of violence and due to Defendant's advanced age and

impaired health. The Government now seeks reconsideration of both of those determinations. Defendant has also renewed his motion for judgment of acquittal.

## ANALYSIS

**1.    Conditions of Release**

Pursuant to 18 U.S.C. § 3143(a)(2) and §3142(f)(1)(A), the Court "shall order" that a person found guilty of a "crime of violence" be detained pending imposition of sentence. The Government correctly points out that the Tenth Circuit has clearly held that aggravated sexual abuse of a child is a "crime of violence" as a matter of law, regardless of the facts of the case or the type of sexual abuse charged. *United States v. Coronado-Cervantes*, 154 F.3d 1242 (10th Cir. 1998). Accordingly, the Court hereby finds that Defendant was convicted of a crime of violence, bringing him within the purview of the mandatory detention provision.

Nevertheless, pursuant to 18 U.S.C. § 3145(c), "release may be authorized if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *See also United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (district court has jurisdiction under § 3145 to consider appeal of detention). Thus, the district court may release a defendant pending sentencing if the court determines that the defendant is not a danger to the community nor a flight risk and there are exceptional reasons why detention is not appropriate. *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).

In the present case, Mr. Martinez has been at the La Pasada Halfway House since August of 1998. There have been no reported violations of any conditions of release during that ten month period. Further, he is more than one hundred miles from the victim in this case. Based on the

foregoing and the evidence presented at trial, the Court finds that Defendant is not a flight risk and does not present a danger to the community.

In addition, Mr. Martinez is 62 years old. He is a diabetic, with high blood pressure, and he suffers other physical ailments. He is, in short, an elderly man in poor health. While he almost certainly will be placed into custody as a result of this offense, the placement made by Bureau of Prisons will be able to take into account his special needs. Placing Mr. Martinez into custody now, in a local non-federal holding facility which may not be prepared to attend to his specialized medical needs, may impose a substantial and unjustified hardship on him. Accordingly, the Court finds that exceptional reasons clearly exist making detention inappropriate and justifying continuing Defendant on his current conditions of release pending sentencing in this matter. 18 U.S.C. § 3145(c).

**2.    Judgment of Acquittal**

Defendant renews his motion for judgement of acquittal, arguing specifically that the Government failed to present sufficient evidence to prove that the touching was "not through the clothing" of Jane Doe, or that the touching was done "with intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of the defendant," as required for a conviction under 18 U.S.C. § 2241(c).

In considering a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, the Court must "view the evidence, both direct and circumstantial, in the light most favorable to the government, and without weighing conflicting evidence or considering the credibility of witnesses, determine whether that evidence, if believed, would establish each element of the crime." *United States v. Johnson, et al.*, 12 F.3d 1540, 1545 (10th Cir. 1993) (citing *United States v. White*, 673 F.2d 299, 301-302 (10th Cir. 1982). "[T]he relevant question is whether . . . any rational trier of fact

3

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *United States v. Hollis*, 971 F.2d 1441, 1447 (10th Cir. 1992). "The evidence supporting a jury's verdict must be substantial . . . raising more than a mere suspicion of guilt." *United States v. Yoakam*, 116 F.3d 1346, 1349 (10th Cir. 1997).

Viewing the evidence in the light most favorable to the jury verdict, the Court finds that the Government did present sufficient evidence to prove beyond a reasonable doubt that Defendant touched the genitalia of Jane Doe, not through the clothing, and that he did so with intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of the defendant. The Court specifically notes the following evidence which supports the jury verdict: physical evidence demonstrating that the child had an irritated vagina and a sexually transmitted disease; Jane Doe's testimony that Defendant had touched her private parts; Jane Doe's disclosure to Jean Proper during the course of a medical exam that Defendant "stuck his thing in her"; and Defendant's own admission of sexual contact with Jane Doe. This, as well as the other evidence presented at trial, is sufficient to allow a reasonable jury to conclude, beyond a reasonable doubt, that Defendant had touched the genitalia of Jane Doe, not through the clothing, with intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of the defendant. Therefore, Defendant's Motion for Judgment of Acquittal will be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion to Reconsider Conditions of Release **[Doc. 61]** is hereby **GRANTED IN PART** and Defendant's Motion for Judgment of Acquittal **[Doc. 62]** is hereby **DENIED**. Pursuant to this opinion, Defendant shall remain at La

4

Pasada Halfway House, subject to the same conditions of release, pending the imposition of sentence in this matter.

                                                    MARTHA VÁZQUEZ
                                                    UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Kathleen Bliss

Attorney for Defendant:
    Alonzo Padilla